IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civ. Action No. 08-0961 |
| Plaintiff, ) | |
| ) | **STIPULATED PROTECTIVE ORDER** |
| v. ) | **REGARDING GOVERNMENT** |
| ) | **CONFIDENTIAL AND PROTECTED** |
| HONEYWELL INTERNATIONAL, INC., ) | **FINANCIAL MATERIALS** |
| ) | |
| Defendant. ) | |
| ) | |

Pursuant to Fed. R. Civ. Proc. 26(c) and upon the stipulation of all parties, and for good cause appearing based on the interests promoted by and the limitations on disclosure under Trade Secrets Act, 18 U.S.C. § 1905, the Privacy Act, 5 U.S.C. § 552a, Confidentiality of Research Materials, 42 U.S.C. § 3789g, and the protection of materials designated as Law Enforcement Sensitive, the Court enters the following protective order governing the use of Government Confidential Materials and Protected Financial Materials in this litigation.

Dated:

_____
RICHARD W. ROBERTS
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civ. Action No. 08-0961 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HONEYWELL INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

### STIPULATED PROTECTIVE ORDER REGARDING GOVERNMENT CONFIDENTIAL AND PROTECTED FINANCIAL MATERIALS

Pursuant to Fed. R. Civ. P. 26(c), and upon the request of the United States, the parties to the instant litigation, and good cause therefore having been shown based on the interests promoted by, and the prohibitions against disclosure contained in the Trade Secrets Act, 18 U.S.C. § 1905, the Privacy Act, 5 U.S.C. § 552a, Confidentiality of Research Materials, 42 U.S.C. § 3789g, and the protection of materials designated Law Enforcement Sensitive, *inter alia*, the parties agree to the following Protective Order governing the use in this litigation and thereafter by the parties of "Government Confidential" and "Protected Financial" materials, as defined below.

1. "Government Confidential" materials are such materials which would qualify as trade secrets under federal law, protected by the Privacy Act, covered as confidential research materials and/or Law Enforcement Sensitive materials, and/or subject to the exemptions of the Freedom of Information Act. "Government Confidential" materials include information produced to the Government by third parties subject to the Trade Secrets Act, the Confidentiality of Research Materials and/or any other statute, regulation and/or agreement of confidentiality. "Government Confidential" materials are so designated by the United States in accordance with

these statutes, regulations, and/or agreements. In defining "Government Confidential" material in this manner, no party concedes that the materials are confidential, proprietary, trade secret or competitively sensitive. Subject to the provisions of Paragraph 11, below, information produced shall be deemed "Government Confidential" material when so designated in the manner described in Paragraph 5, below.

2. "Protected Financial" materials are such materials concerning the personal finances of any individual and/or existing corporation, including but not limited to personal or corporate banking records, tax returns, investment accounts, credit reports, and other similar financial documents. In defining "Protected Financial" material in this manner, no party concedes that the materials are confidential. Subject to the provisions of Paragraph 11, below, information produced shall be deemed "Protected Financial" material when so designated in the manner described in Paragraph 5, below.

3. Pursuant to the terms and conditions set forth herein, the United States may disclose "Government Confidential" and "Personal Financial" material to parties participating in discovery in the following litigation: <u>United States of America ex rel. Aaron J. Westrick, PhD. V. Second Chance Body Armor, Inc., et al.</u> (D.D.C. No. 04-0280), <u>United States v. Toyobo Co., Ltd., et al.</u> (D.D.C. No. 1:07-CV-01144), <u>United States v. Honeywell International, Inc.</u> (D.D.C. No. 1:08-cv-00961), and as otherwise provided by the Federal Rules of Civil Procedure.

4. This Protective Order shall apply to any and all documents and other materials, interrogatory responses, responses to requests for admission, and testimony containing or disclosing "Government Confidential" and "Personal Financial" material.

5. In order for the items identified in Paragraphs 1 and 2 to be treated by the parties and the Court as "Government Confidential" and "Protective Financial" material respectively,

such information, prior to its disclosure to the requesting party, must be designated as "Government Confidential" or "Personal Financial" material as follows:

(a) The designation of "Government Confidential" material may be made by the United States by placing or affixing on the documents the word "Confidential" or the like on the document. The terms of this Agreement are not applicable to Classified Materials designated "Confidential," "Secret," or "Top Secret," which shall be handled in accordance with applicable Government regulations.

(b) The designation of "Protected Financial" material may be made by counsel for any individual defendant or existing corporate defendant of the client's own financial information prior to production of the material by placing or affixing on the documents the word "Confidential" or the like on the document.

(c) Information revealed through inspection of things or premises under Rule 34 of the Federal Rules of Civil Procedure may be designated as "Government Confidential" and/or "Protected Financial" material.

(d) Information disclosed during depositions may be designated as "Government Confidential" and/or "Protected Financial" material by the deponent or a party by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing "Government Confidential" and/or "Protected Financial" material, and to label such portions appropriately. Within thirty (30) days after receipt of the deposition transcript, the deponent or a party may designate any additional portion of the deposition as "Government Confidential" and/or "Protected Financial" material by informing the other parties in writing of the specific pages of the transcript that contain "Government Confidential" and/or

"Protected Financial" material.

6. Nothing contained in the provisions of this Protective Order shall preclude the parties to the litigation identified in Paragraph 3, above, from contesting the designation of any document as "Government Confidential" and/or "Protected Financial" material. If a Party intends to contest any document designated as "Government Confidential" and/or "Protected Financial" material, it shall notify the designating party in writing at least twenty business days prior to disclosing that document in any public proceeding or publicly-filed document. The designating party shall have the option to file a petition for a protective order with the United States District Court for the District of Columbia demonstrating that there is good cause to designate the document at issue as "Government Confidential" and/or "Protected Financial" material. If a timely petition for a protective order is filed, the document at issue will be treated as "Government Confidential" and/or "Protected Financial" material until an order has been entered ruling that the document is not confidential or subject to the Protective Order. Prior to making any application for relief to a court, counsel shall meet and confer in order to seek an agreement as to the "Government Confidential" and/or "Protected Financial" designation.

7. Except as otherwise permitted by this Protective Order, Court order, or agreement of the undersigned parties, anyone to whom "Government Confidential" and/or "Protected Financial" material are disclosed shall use such "Government Confidential" and/or "Protected Financial" material solely for the purposes of conducting or assisting in the Government's investigation and/or litigation in this matter and litigation, conducting or assisting any defendant in the litigations identified in Paragraph 3, above, to prepare its defenses, any subsequent litigation in this matter, including but not limited to the litigation identified in Paragraph 3, above, any appeals therefrom, and any related litigation to which the United States is a party, and

shall not be used for any other purpose, including any business or commercial purpose. "Government Confidential" and/or "Protected Financial" material and any copies thereof shall be disclosed only to: (a) Government personnel and the parties to the litigations identified in Paragraph 3, above; (b) counsel of record and other counsel for the parties to the litigations identified in Paragraph 3, above, and persons employed in such attorneys' offices; (c) any potential witnesses or other persons whose assistance is needed in connection with the Government's investigation and/or litigation in this matter, the preparation of a defendant's defense in the litigations identified in Paragraph 3, above, any subsequent litigation in this matter, any appeals therefrom, and any related litigation to which the United States is a party; (d) any apparent author or recipient of the "Government Confidential" and/or "Protected Financial" material; (e) court reporters in connection with testimony in any subsequent litigation in this matter, any appeals therefrom, and any related litigation to which the United States is a party, (f) the Court and Court personnel in any subsequent litigation in this matter, any appeals therefrom, and any related litigation to which the United States is a party, and (g) any other person whom the original producing party agrees in writing in advance of access, or whom a Court directs, may have access to the "Government Confidential" and/or "Protected Financial" material. Nothing contained in this Protective Order shall prevent or in any way limit the right of counsel to use "Government Confidential" and/or "Protected Financial" material in the Government's investigation and/or litigation and conduct of litigation, or the preparation of a defense and conduct of litigation by a defendant from a litigation identified in Paragraph 3, above, including preparation and/or trial of these or related actions, which is the subject of this Protective Order.

8. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of counsel for the Government to disclose to any agency of the United States any

- 5 -

document or information regarding potential violation of law or regulation or regarding any potential safety consideration, or prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation, or regarding any potential safety consideration. Disclosure to any agency of the United States under this Paragraph shall not be subject to the requirements set forth in Paragraph 10.

9.  Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide any document or information to the United States Congress pursuant to a Congressional request; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Government Confidential Material has been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the original producing party of the Congressional entity's request and the United States' response thereto.

10. For any person covered by paragraph 7(c) above, before any disclosure is made to such person, the attorney making the disclosure shall first advise that person that the material is being disclosed pursuant to this Protective Order and may not be disclosed to any other person not authorized under Paragraph 7 above to have access to such "Government Confidential" and/or "Protected Financial" material, except as permitted by Court order or by agreement of the parties to this Protective Order, and the attorney shall secure from each such person a written Affirmation in the letter form attached as Exhibit A, stating that such person has read this Agreement and agrees to be bound by it. Such Affirmation shall be maintained in the possession of counsel for the party securing the agreement until a Court order directs otherwise or until any

litigation in this matter has concluded, but not less than three (3) years. The provision herein relating to the written Affirmation shall not apply to persons to whom "Government Confidential" and/or "Protected Financial" material is disclosed during interviews, but who are not permitted to retain any Confidential Material outside the interviews.

11. If counsel wishes to disclose "Government Confidential" and/or "Protected Financial" material to a person other than one designated in Paragraph 7, counsel shall serve a written request to the designating party stating the name of the proposed person, the reasons for disclosure, the information to be disclosed, and that the proposed person has read this Protective Order and is willing to agree in writing to be bound by its terms. If the designating party does not agree in writing to the disclosure within ten (10) days of being served with the request, then counsel may apply to this Court for relief from the provisions of this Protective Order. If such disclosure is agreed to by the parties or permitted by the Court, such disclosure shall not be made until the person involved has signed an Acknowledgment in the form attached as Exhibit A.

12. Unless otherwise ordered by a Court, the procedures set forth herein shall have no application to proceedings in open court. Any attempt to limit the use of "Government Confidential" and/or "Protected Financial" material in open court or in filings with a Court must be done by written motion to the Court on a showing of good cause. If "Government Confidential" and/or "Protected Financial" material are filed in Court under seal, the filing party need give no advance notice to the original producing party. If, however, a party to the litigation identified in Paragraph 3, above, anticipates filing "Government Confidential" and/or "Protected Financial" material in open court, that party will use reasonable efforts to notify (if possible, within twenty (20) days prior to the filing or disclosure) the original producing party of its intent.

13. Disclosure to parties in the litigation identified in Paragraph 3, above, of any

documents, business records or other confidential information of any kind by any party to this or related litigation, at any time hereafter and through conclusion of this or related litigation, shall not constitute public disclosure of any such information so as to negate, waive or abandon any claim by the designating party that such documents, drawings, business records or information constitute confidential information. However, the United States and any defendant to the litigations identified in Paragraph 3, above, shall retain the right to contest the assertion of any such privilege or objection.

14. The restrictions of this Protective Order shall not apply to any documents, information or material which:

    (a) are determined by the Court not to be confidential information; or

    (b) are lawfully obtained or are known to the discovering party otherwise than through production by the other party, or becomes known other than as a consequence of any discovery had in this action pursuant to the Rules of Civil Procedure; or

    (c) have been or become generally known without violation of this Order; or

    (d) have been or become published without violation of this Order.

15. Within one hundred twenty (120) days after the conclusion of all litigation subject to this Protective Order, including the disposition of any appeals from a final judgment herein and any related litigation to which the United States is a party, the parties shall undertake reasonable and prudent efforts to return all "Government Confidential" material to the Government.

Dated: August 22, 2008

                                                  GREGORY G. KATSAS
                                                  Assistant Attorney General

*/s/ Callie R. Owen*
MICHAEL D. GRANSTON
ALAN E. KLEINBURD
ALICIA J. BENTLEY
A. THOMAS MORRIS
CALLIE R. OWEN
JULLIA F. CALLAHAN
Attorneys, Civil Division
Commercial Litigation Branch
Post Office Box 261
Ben Franklin Station
Washington, D.C. 20044
(202) 616-9854

Dated: August 12, 2008

KIRKLAND & ELLIS LLP

By: */s/ Craig S. Primis/jkh*
CRAIG S. PRIMIS, ESQ.
655 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Counsel for Defendant
HONEYWELL INTERNATIONAL INC.

TO WHOM IT MAY CONCERN:

I have received a copy of the attached Protective Order. I have carefully read and understand the provisions of the attached Protective Order. I certify that I am eligible to have access to the "Government Confidential" and/or "Protected Financial" materials under either Paragraph 7 or Paragraph 11 of the Protective Order.

I agree to comply with all of the provisions of the Protective Order. I agree to hold all "Government Confidential" and/or "Protected Financial" materials and any duplicates, notes, abstracts, or summaries thereof, in confidence, and will not disclose such information to anyone not specifically entitled to access under the Protective Order, and will use the information solely for purposes of assisting the Government's investigation and/or litigation in this matter, assisting a defendant's defense in the litigations identified in Paragraph 3, above, any subsequent litigation in this matter, or any related litigation to which the United States is a party, except as provided by the Protective Order.

At the conclusion of the Government's investigation and/or litigation, or at the conclusion of any litigation in this matter, I agree, if the Government so directs, to return to the Government all originals of all "Government Confidential" and/or "Protected Financial" materials and any duplicates, notes, abstracts, or summaries thereof, whether prepared by me or anyone else.

_____

Dated: _____

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2008, I electronically filed the foregoing STIPULATED PROTECTIVE ORDER REGARDING GOVERNMENT CONFIDENTIAL AND PROTECTED FINANCIAL MATERIALS with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Craig S. Primis, Eugene F. Assaf, and Jennifer W. Cowen, counsel for defendant Honeywell International, Inc.

*Callie R. Owen*
Callie R. Owen