# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HONEYWELL INTERNATIONAL INC., )<br>)<br>Defendant. )<br>) | Case No.: 1:08-cv-00961 (RWR) |

## DEFENDANT HONEYWELL INTERNATIONAL INC.'S ERRATA TO ITS REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

This Errata is filed to correct two typographical errors appearing on page 11 of Defendant Honeywell International Inc.'s Reply Memorandum in Support of Motion to Dismiss filed on August 29, 2008. The reference to "Exhibit C" has been changed to "Exhibit E," and the subsequent reference to "Exhibit E" in the text has been changed to "Exhibit F." A corrected page 11 is attached.

Date:  September 3, 2008          Respectfully submitted,

/s/ Craig S. Primis
Eugene F. Assaf, P.C. (D.C. Bar No. 449778)
Craig S. Primis, P.C. (D.C. Bar No. 454796)
Jennifer W. Cowen (D.C. Bar No. 974412)
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Attorneys for Defendant
Honeywell International Inc.

**CERTIFICATE OF SERVICE**

This is to certify that on this 3rd day of September, 2008, I electronically filed a true and correct copy of the foregoing Defendant's Errata to Its Reply Memorandum in Support of Motion to Dismiss by using the CM/ECF system, which will send a notice of electronic filing to Albert Thomas Morris, Alicia J. Bentley, and Callie R. Owen, counsel for the Plaintiff.

/s/ Craig S. Primis

Craig S. Primis, P.C.

of that false certification.  *See U.S. ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981).

      Though the Government attaches several new documents to its brief, including two undated documents alleged to be warranties from Armor Holdings' subsidiary American Body Armor, the Government has given no notice as to which government entities allegedly received such warranties, which specific warranty or warranties the *federal* government relied upon (either in its direct purchases or in its BPVGPA reimbursements), when those particular warranties were in effect, or where they came from.  In addition, the Government offers no justification for ignoring the well-settled principle that new factual allegations cannot be introduced in an opposition brief.  *See, e.g.*, *Jung v. Assoc. of Am. Med. Colleges*, 300 F. Supp. 2d 119, 163 (D.D.C. 2004); *Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003).  Most troubling, however, the Government misrepresents what the warranty at Exhibit D actually says (*see* Opp. at 6 n.4), citing a different section of the Owner's Manual (AHI026-0033) and failing to acknowledge the section labeled "Warranty" that specifically limits the remedy to refund or replacement.  (*See* Opp. Ex. D at AHI0026-0036.)  As for the other two exhibits, the warranty language at Exhibit E is illogical on its face, containing two clauses that directly contradict each other (*see* Opp. Ex. E at AHI026-0047); and the Government never alleges that the letter at Exhibit F was authored by or copied to anyone at Honeywell, nor does it allege that the federal government ever received or relied on it.  (Opp. at 24.)  When faced with a warranty from Honeywell's files, the Government offers only conjecture as to why it is unrepresentative of the "typical" warranty, pointing only to the warranty's physical location in Honeywell's document production to suggest when Armor Holdings used the warranty.  (Opp. at 6.)