**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                )
**UNITED STATES OF AMERICA,**     )
                                )
            **Plaintiff,**      )
                                )
             **v.**           )      **Civil Action No. 08-961 (RWR)**
                                )
**HONEYWELL INTERNATIONAL, INC.,** )
                                )
            **Defendant.**     )
_____)

**MEMORANDUM ORDER**

The government brings claims against defendant Honeywell

International, Inc. ("Honeywell") for alleged violations of the

False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, as well as for

common law unjust enrichment, in connection with the sale of

Zylon body armor containing "Z Shield" ballistic material.

Honeywell's motion to dismiss was denied and Honeywell filed an

answer to the complaint, asserting various affirmative defenses.

The government moves to strike the first affirmative defense of

waiver and estoppel on the grounds that waiver and estoppel are

legally invalid defenses where, as here, the action is by the

United States government for recovery of money paid from the

United States Treasury.

An insufficient defense may be stricken from a pleading

under Federal Rule of Civil Procedure 12(f).  Fed. R. Civ. P.

- 2 -

12(f).  But "striking pleadings is generally disfavored as an
extreme remedy."  Intex Recreation Corp. v. Team Worldwide Corp.,
390 F. Supp. 2d 21, 24 (D.D.C. 2005).  What constitutes an
insufficient defense depends upon the nature of the claim and the
defense in question.  "[A] defense that might confuse the issues
in the case and would not, under the facts alleged, constitute a
valid defense to the action can and should be deleted."  5C
Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L.
Marcus, Federal Practice and Procedure § 1381 (3d ed. 2011).

The government relies principally on the Supreme Court's
decision in Office of Personnel Mgmt. v. Richmond, 496 U.S. 414
(1990), for the proposition that courts are prohibited from
applying equitable doctrines such as waiver and estoppel to
prevent the government from bringing claims to recover funds paid
improperly from the Treasury.  (Pl.'s Mem. of P. & A. in Support
of Mot. to Strike Def.'s First Affirmative Defense ("Pl.'s Mem.")
at 3-6.)  Richmond addressed an action by a benefits claimant who
relied on erroneous advice from a government employee about
eligibility limits that caused the claimant to exceed the limits
and lose eligibility for certain federal disability payments.
Because the Appropriations Clause provides that "[n]o money shall
be drawn from the Treasury" except as a result of lawful
Congressional appropriations, the Court held that payments from
the federal treasury were limited to those authorized by statute

- 3 -

and the government employee's erroneous advice could not estop

the government from denying benefits not otherwise permitted by

law.  Richmond, 496 U.S. at 424.  The government argues that the

principles of Richmond bar application of the equitable defenses

of both estoppel and waiver to an action by the government under

the FCA.  (Pl.'s Mem. at 6-8.)  The Richmond Court, however,

limited its decision to the facts before it, where a plaintiff

sought to use estoppel offensively to claim payment from the

government, and expressly "le[ft] for another day whether an

estoppel claim could ever succeed against the Government[.]"

Richmond, 496 U.S. at 423.

The D.C. Circuit has held that "the fundamental principle of

equitable estoppel applies to government agencies, as well as

private parties."  ATC Petroleum, Inc. v. Sanders, 860 F.2d 1104,

1111 (D.C. Cir. 1988) (internal quotations omitted).  The Circuit

continued to recognize that position in decisions post-dating

Richmond, see Morris Commc'ns Inc. v. FCC, 566 F.3d 184, 191

(D.C. Cir. 2009); Graham v. SEC, 222 F.3d 994, 1007 (D.C. Cir.

2000), including where the government brought an action to

recover federal funds.  See LaRouche v. FEC, 28 F.3d 137, 142

(D.C. Cir. 1994).  The standard, however, is an exacting one.

See Int'l Union v. Clark, Civil Action No. 02-1484 (GK), 2006 WL

2598046, at *12 (D.D.C. Sep. 11, 2006) ("There is a clear

presumption in this Circuit against invoking the doctrine [of

- 4 -

equitable estoppel] against government actors in any but the most

extreme circumstances.")  The government "may not be estopped on

the same terms as any other litigant [may be]."  Heckler v. Cmty.

Health Svces., Inc., 467 U.S. 51, 60 (1984).  The party asserting

equitable estoppel "must show that (1) 'there was a "definite"

representation to the party claiming estoppel,' (2) the party

'relied on its adversary's conduct in such a manner as to change

his position for the worse,' (3) the party's 'reliance was

reasonable' and (4) the government 'engaged in affirmative

misconduct.'"  Morris, 566 F.3d at 191 (quoting Graham, 222 F.3d

at 1007).[1]

The government conduct giving rise to the defense of waiver

must constitute an "intentional relinquishment or abandonment of

a known right."  United States v. Weathers, 186 F.3d 948, 955

---

[1] The government notes that district courts in other circuits
have readily stricken estoppel and waiver defenses asserted
against the government in FCA cases.  These trial courts followed
decisions by courts of appeals that Richmond's logic "applies
equally in situations . . . where [the government] seeks to
recover funds spent contrary to the will of Congress."  United
States ex rel. Dye v. ATK Launch Sys., Inc., No. 1:06-CV-39 TS,
2008 WL 4642164, at *2 (D. Utah Oct. 16, 2008) (citing United
States v. Southland Mgmt. Corp., 288 F.3d 665, 683 (5th Cir.
2002)); see also United States v. Manhattan-Westchester Medical
Svces., P.C., No. 06 Civ. 7905 (WHP), 2008 WL 241079, at *3
(S.D.N.Y. Jan. 28, 2008) (citing United States v. RePass, 688
F.2d 154 (2d Cir. 1982) and Southland Mgmt. Corp., 288 F.3d at
683); United States v. Cushman & Wakefield, Inc., 275 F. Supp. 2d
763, 768-771 (N.D. Tex. 2002) (citing Rosas v. U.S. Small
Business Admin., 964 F.2d 351, 360 (5th Cir. 1992)).  The D.C.
Circuit has not endorsed this expansive interpretation of
Richmond.

- 5 -

(D.C. Cir. 1999) (quoting <u>United States v. Olano</u>, 507 U.S. 725,

733 (1993)).  The waiver must be made by one having the authority

to do so.  See <u>Fed. Crop Ins. Corp. v. Merrill</u>, 332 U.S. 380, 384

(1947) ("Whatever the form in which the Government functions,

anyone entering into an arrangement with the Government takes the

risk of having accurately ascertained that he who purports to act

for the Government stays within the bounds of his authority.")

The authority to bring FCA cases is vested in the Attorney

General.  31 U.S.C. § 3730(a).

Honeywell argues that, though it anticipates additional

discovery, it has already compiled a record supporting the

defenses of waiver and estoppel.  Specifically, it alleges that

the United States knew at an early stage that the Z Shield

contained in Zylon vests could degrade in certain conditions,

that the government initiated a testing program to confirm this,

that Honeywell informed the government of its own testing on this

issue and offered to share data, but that the government failed

to respond to Honeywell's offers.  (Def.'s Mem. of P. & A. in

Support of Opp'n to Pl.'s Mot. to Strike ("Def.'s Opp'n") at 11-

14.)  The government contests the veracity of these assertions

and contends that even assuming equitable estoppel and waiver are

legally available defenses, they should be stricken here because

the factual allegations proffered by Honeywell do not meet the

- 6 -

high standards for maintaining such defenses.  (Pl.'s Reply in
Support of Mot. to Strike at 5-10.)

The government's argument has merit.  Even if Honeywell's
factual assertions are accepted as true, and deemed incorporated
into the answer, Honeywell has not set forth the elements of
either estoppel or waiver that are necessary in order to maintain
these defenses against the government.  With respect to estoppel,
Honeywell has not pointed to any definite representation by the
government, only a failure of the government to accept
Honeywell's offer of test results.  See, e.g., Morris, 566 F.3d
at 191-92 (holding that FCC's failure to respond to plaintiff's
licensing waiver request for three years was not a "definite"
representation of approval).  Nor has Honeywell shown any
reasonable reliance on government representations in such a
manner as to change its position for the worse.  Honeywell merely
describes continuing a course of action -- the sale of Z
Shield -- that it had embarked on earlier.  Lastly, the
government's alleged failure to accept Honeywell's offers of
research assistance, even if that failure could be characterized
as misconduct, is not of an affirmative nature sufficient to
assert a defense of estoppel against the government.  See id. at
192 (concluding that FCC's three-year silence in response to
licensing waiver request, while "egregious," does not amount to
"affirmative misconduct").

- 7 -

With regard to the defense of waiver, Honeywell fails to identify any clear and intentional relinquishment or abandonment by the Attorney General of the right to sue under the FCA.  Nor has Honeywell presented any support for the proposition that Department of Justice employees acted with the Attorney General's authority to waive the right to bring an FCA case during those employees' interactions with Honeywell.  In sum, the government's continued purchase of vests containing Z Shield, over a period during which Honeywell allegedly made repeated offers of research assistance and test data, does not warrant a finding that the government has waived or should be estopped from bringing this action.

To be sure, a motion to strike is not the appropriate place to resolve significant factual disputes between the parties. Accordingly, courts in this circuit typically have resolved the availability of equitable defenses against the government on a motion for summary judgment.  See, e.g., Swedish Am. Hosp. v. Sebelius, 773 F. Supp. 2d 1, 7-9 (D.D.C. 2011); United States v. Phillip Morris Inc., 300 F. Supp. 2d 61, 70-72 (D.D.C. 2004). However, whether or not the government disputes Honeywell's factual allegations, those allegations fall short of demonstrating definite representations and affirmative misconduct by the government, detrimental reliance by the defendant, and a clear and intentional waiver by authorized government officials

- 8 -

of a right to sue.  Moreover, the legal theory and factual allegations that Honeywell proffers provide no basis for inferring that the facts that would be necessary to maintain a defense of equitable estoppel or waiver to this action could or would come to light with the benefit of completed discovery.  For these reasons, resolving the availability of the first affirmative defense need not wait for a later stage of the litigation.  See, e.g., Hernandez, Kroone and Associates, Inc. v. United States, 95 Fed. Cl. 395, 398 (Fed. Cl. 2010) (internal quotations omitted) (noting that "[a]lthough the court should restrain from evaluating the merits of a defense where . . . the factual background for a case is largely undeveloped," striking an affirmative defense is permissible where "there has been ample discovery and no suggestion of facts such as would allow th[e] defense") (internal quotations omitted); Instituto Nacional De Comercializacion Agricola (Indeca) v. Continental Illinois Nat. Bank and Trust Co., 576 F. Supp. 985, 989 (N.D. Ill. 1983) (striking at the pleadings stage affirmative defense of estoppel where facts alleged showed an absence of detrimental reliance on the part of the defendant).

Honeywell asserts that "the same facts supporting Honeywell's affirmative defenses also support Honeywell's non-affirmative defense that the United States cannot meet its burden of proof on the elements of a False Claims Act violation."

- 9 -

(Def.'s Opp'n at 14.)  Honeywell represents that it expects to

argue, on the same facts described above, that it was forthcoming

with relevant information and therefore did not knowingly cause

the presentation of false claims.  The government agrees that

this contention could support Honeywell's non-affirmative defense

to the action.  (See Pl.'s Reply at 11 (recognizing that

"evidence of government knowledge of the defendant's conduct"

could be "part of a defendant's argument that it did not

knowingly submit false claims")).  As is explained above, though,

Honeywell's theory of estoppel and waiver -- that the

government's inaction in response to Honeywell's overtures can be

characterized here as a direct representation, affirmative

misconduct, or abandonment of a right to sue -- is clearly

insufficient.  Removing the insufficient defense will "avoid

wasting unnecessary time and money litigating the invalid

defense" and will clarify the issues.  SEC v. Gulf & Western

Indus., Inc., 502 F. Supp. 343, 345 (D.D.C. 1980).  In striking

the defense, there is no prejudice to Honeywell's ability to

marshal the factual allegations that underlay the stricken

defense in support of its argument that it did not knowingly

cause the submission of false claims.  Because waiver and

estoppel are insufficient defenses to this action, the first

affirmative defense will be stricken.  Accordingly, it is hereby

- 10 -

ORDERED that the plaintiff's motion [49] to strike be, and

hereby is, GRANTED.

SIGNED this 25th day of January, 2012.


                              /s/
                    RICHARD W. ROBERTS
                    United States District Judge