UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
UNITED STATES OF AMERICA,      )
                              )
          Plaintiff,           )
                              )
          v.                   )      Civil Action No. 08-961 (RWR)
                              )
HONEYWELL INTERNATIONAL, INC., )
                              )
          Defendant.           )
_____)
```

<u>MEMORANDUM OPINION & ORDER</u>

The government filed a complaint against defendant Honeywell International, Inc., alleging violations of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, as well as a common law unjust enrichment claim in connection with the sale of Zylon body armor shields. The government moved to stay discovery pending resolution of partial summary judgment cross motions in two pending related cases -- <u>United States ex rel. Westrick v. Second Chance Body Armor, Inc.</u>, Civil Action No. 04-0280 (RWR), and <u>United States v. Toyobo Co. Ltd.</u>, Civil Action No. 07-1144 (RWR) -- claiming that the resolution will narrow issues and simplify discovery in this case. Because the government has not carried its burden to demonstrate the efficiencies and benefits of a stay, the motion will be denied.

BACKGROUND

Beginning in 2004, the government brought claims under the FCA, 31 U.S.C. § 3729, against manufacturers and retailers involved in producing bulletproof vests that contained some form of Zylon. This case involves specific claims filed against Honeywell in 2008 and remains in the pretrial stage. The discovery process has been a challenging one. Although the case is nearly five years old, access to documents and individuals has been limited, and "much discovery remains to be conducted." Pl.'s Mem., Ex. 7.[1] As a result, the parties have asked for extensions of time to complete discovery on numerous occasions.

_____

[1] Discovery difficulties were revealed at the July 29, 2011 initial scheduling conference and are detailed in the exhibits included in the briefs filed in connection with this motion. See Pl.'s Mem. of P. & A. in Supp. of a Stay of Discovery ("Pl.'s Mem."), Ex. 5 ("[W]e have been requesting dates for the following witnesses for some time, in some cases for years[.]"); Def.'s Opp'n to the Pl.'s Mot. to Stay Discovery ("Def.'s Opp'n"), Ex. 1 ("Honeywell still needs unspecified time to review the United States' production from [months ago] . . . [and] the United States has not completed the production of documents in response to Honeywell's document requests."); id., Ex. 6 (discussing challenges in an e-mail exchange); id., Ex. 7 (demanding documents from Honeywell); id., Ex. 14 (responding to accusations that Honeywell refused to take re-depositions of government witnesses); id., Ex. 15 ("Honeywell has been raising discovery issues in this case for years and raised a number of issues on various occasions since the hearing on July 29, 2011."); Pl.'s Reply to Honeywell's Opp'n ("Pl.'s Reply"), Ex. 2 ("Despite the passage of over four months, Honeywell has yet to provide a date for Mr. Ryan's deposition because he has been traveling abroad."); id., Ex. 2 ("Yet, to date, Honeywell has refused to continue the depositions of these witnesses."); Def.'s Opp'n at 22 ("Honeywell has not deposed a Government witness in this case since August 2010.").

See Docket Entries 41, 64, 67, 70, and 71; see also Pl.'s Mem., Ex. 6. The litigation in the related cases, though, is now in the summary judgment phase.

The government argues that resolution of pending partial summary judgment motions in the related cases will "likely simplify discovery and narrow the factual and legal issues[,]" as well as "lessen the burden of active discovery on witnesses and the Court" in this case. Pl.'s Mem. at 1. The government notes that Honeywell and the defendants in the related cases have requested the same sets of documents and deposed the same government witnesses, and all of the cases concern liability under the FCA. Id. at 11-13.

In opposition, Honeywell argues that the government has offered no specifics showing how the requested stay would benefit this case, the stay would prejudice Honeywell, Honeywell will not be bound by the resolution of the pending motions in the related cases because it is not a party in the related cases, and the related cases concern Zylon vests made out of Zylon fabric while this case concerns the Z Shield made out of laminated Zylon. Def.'s Opp'n at 12-13.

## DISCUSSION

"It has long been recognized that trial courts are vested with broad discretion to manage the conduct of discovery." Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt.

Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (citing Brennan
v. Int'l Bhd. of Teamsters, 494 F.2d 1092, 1100 (D.C. Cir.
1974)); see also Edmond v. U.S. Postal Serv. Gen. Counsel, 949
F.2d 415, 425 (D.C. Cir. 1991).  In particular, "the decision
whether to stay discovery is committed to the sound discretion of
the district court judge."  White v. Fraternal Order of Police,
909 F.2d 512, 517 (D.C. Cir. 1990) (citations omitted); see also
GFL Advantage Fund, Ltd. v. Colkitt, 216 F.R.D. 189, 193 (D.D.C.
2003) (citing Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)).
"A court deciding a contested motion to stay 'must weigh
competing interests and maintain an even balance.'"  Bridgeport
Hosp. v. Sebelius, Civil Action No. 09-1344 (RWR), 2011 WL
862250, at *1 (D.D.C. Mar. 10, 2011) (quoting Landis, 299 U.S. at
254-55).

        "'[A] trial court may, with propriety, find it is efficient
for its own docket and the fairest course for the parties to
enter a stay of an action before it, pending resolution of
independent proceedings which bear upon the case.'"  IBT/HERE
Employee Representatives' Council v. Gate Gourmet Div. Ams., 402
F. Supp. 2d 289, 292 (D.D.C. 2005) (quoting Leyva v. Certified
Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979)).  On
the other hand, "[o]nly in rare circumstances will a litigant in
one cause be compelled to stand aside while a litigant in another
settles the rule of law that will define the rights of both."

Landis, 299 U.S. at 255. "[A] stay of the proceedings in one case is justifiable . . . [when it] would settle some outstanding issues and simplify others." Bridgeport Hosp., Civil Action No. 09-1344 (RWR), 2011 WL 862250, at *1.

In order to prevail in a motion to stay, "[t]he proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997) (citations omitted); see also People with AIDs Health Group v. Burroughs Wellcome Co., Civil Action No. 91-0574 (JGP), 1991 WL 221179, at *1 (D.D.C. Oct. 11, 1991). The movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." Landis, 299 U.S. at 255.

The government broadly asserts that there is substantial overlap in legal and factual issues between this case and the related cases, and that resolution of the pending dispositive motions in the related cases will simplify discovery and narrow the issues here. Pl.'s Mem. at 1, 11. However, the government for the most part does not specify what questions of fact or law that the dispositive motions raise, or provide any analysis of how resolution of each question one way or the other would simplify discovery or narrow issues in this case, or state how Honeywell would be bound by resolution of an issue in a case to which it is not a party. Not until it filed its reply brief did

the government drop in one lone one-sentence footnote the claim that "if the Court grants the United States' partial summary judgment motion on falsity, this may negate Honeywell's need to re-depose all of the key Government researchers[.]"  Pl.'s Reply at 4 n.6.  This speculation was unaccompanied by reasoning, analysis, or supporting authority, and was offered only after Honeywell rightly complained that the government spoke in generalities without concrete details about how resolution of the issues in the related cases will streamline matters here.  Def.'s Opp'n at 13.

Neither party argues that the pending partial summary judgment motions in the related cases will be dispositive of all issues in this case.  Cf. Chavous, 201 F.R.D. at 3 ("[A] stay of discovery . . . 'is rarely appropriate when the pending motion will not dispose of the entire case[.]'" (quoting Keystone Coke Co. v. Pasquale, No. 97-6074, 1999 WL 46622, at *1 (E.D. Pa. Jan. 7, 1999))).  Nor is Honeywell a party in the related cases that would be bound by the outcome of the pending motions there. Taylor v. Sturgell, 553 U.S. 880, 884 (2008) ("'[O]ne is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" (quoting Hansberry v. Lee, 311 U.S. 32, 40 (1940))); Urban Health Care Coal. v. Sebelius, 853 F. Supp. 2d 101, 109-10 (D.D.C. 2012).

It may well be that common facts and legal issues are shared
in these Zylon cases.  To recite them does not alone establish
the fairness or need for halting a defendant's right to discovery
in a case already hobbled by a history of discovery difficulties.

Nor has the government met its burden to "make out a clear
case of hardship or inequity in being required to go forward[.]"
<u>Landis</u>, 299 U.S. at 255.  The only hardship the government
suggests is the time it will take for its witnesses to sit for
depositions.  Pl.'s Mem. at 12-13; Pl.'s Reply at 4.  However,
any benefit from delaying depositions (and re-depositions) of
government witnesses where the government has failed to
demonstrate that the depositions will ultimately be unnecessary
is outweighed by the prejudice to Honeywell in its right to
proceed to prepare its defense.

<u>CONCLUSION AND ORDER</u>

The government has not met its burden of demonstrating how
resolution of the pending motions for summary judgment in the
related cases will foster efficiency or conserve resources for
the parties and the court in this case.  Honeywell has been
subject to ongoing litigation in a case that the government chose
to file.  The government has made no showing that the benefits of
a discovery stay would outweigh the prejudice to Honeywell in
preparing its defense.  Therefore, it is hereby

ORDERED that the government's motion [72] to stay discovery be, and hereby is, DENIED.

SIGNED this 9th day of December, 2013.

_____/s/_____
RICHARD W. ROBERTS
Chief Judge