UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HONEYWELL INTERNATIONAL INC., ) <br> ) <br> Defendant. ) | Civil Action No. 08-0961 (PLF) |

OPINION AND ORDER

Pending before this Court is defendant Honeywell International Inc.'s Motion to Strike the Declaration of Christian Patton in Support of the United States' Response to Honeywell's Motion for Summary Judgment [Dkt. No. 227]. The government opposes this motion. United States' Memorandum in Opposition to Honeywell International Inc.'s Motion to Strike the Declaration of Christian Patton [Dkt. No. 228]. For the reasons that follow, the Court will deny Honeywell's motion to strike.[1]

---

[1] The Court has reviewed the following documents in connection with the pending motion: Complaint ("Compl.") [Dkt. No. 1]; Defendant Honeywell International Inc.'s Motion for Summary Judgment ("Def. Mot. SJ") [Dkt. No. 204]; The United States of America's Opposition to Honeywell International Inc.'s Motion for Summary Judgment ("Gov't Opp. SJ") [Dkt. No. 209]; Patton Declaration ("Patton Decl.") [Dkt. No. 209-4]; Reply in Support of Honeywell International Inc.'s Motion for Summary Judgment ("Def. Reply SJ") [Dkt. No. 214]; Honeywell International Inc.'s Motion to Strike the Declaration of Christian Patton in Support of the United States' Response to Honeywell's Motion for Summary Judgment ("Def. Mot.") [Dkt. No. 227]; Def. Mot. Exhibit 2, Initial Disclosures of the United States of America ("US Initial Discl.") [Dkt. No. 227-3]; Def. Mot. Exhibit 3, First Supplemental Initial Disclosures of the United States of America ("US First Supp. Initial Discl.") [Dkt. No. 227-4]; Def. Mot. Exhibit 4, The United States' Responses and Objections to Honeywell International Inc.'s Second Set of Interrogatories ("US Resp. and Obj. to Honeywell's Second Interrog.") [Dkt. No. 227-5]; United

I.  BACKGROUND

*Complaint*.  On June 5, 2008, the government filed a complaint seeking damages and other relief.  See Compl.  The first two counts assert claims under the False Claims Act.  Count Three, entitled unjust enrichment, alleges *inter alia*, that "[f]rom 2001 through 2005, the United States paid for defective Z Shield vests due to false statements and omissions by Honeywell."  Id. ¶ 95.  As relief, the government seeks "[t]he money paid to or received by Honeywell, directly or indirectly, relating to the sale of Z Shield vests to the United States."  Id. at 34.

*Initial Disclosure*.  Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure requires a party to provide the other party with, *inter alia*, a computation of each category of damages.  Fed. R. Civ. P. 26(a)(1)(A)(iii).  In its initial disclosure, the government stated:

> The United States' initial calculation of single damages is between $15 and $20 million dollars depending on if you use Honeywell's sales of Z Shield to Armor Holdings or Armor Holdings' sales of Z Shield vests to the United States. The bases and calculations of damages may be revised during litigation. Treble damages are statutory, 31 U.S.C. § 3729, et seq.  Also, the United States is entitled to one statutory penalty per false claim.

US Initial Discl. at 31.  The government's disclosure did not provide a computation of the monetary relief it sought for unjust enrichment, or otherwise supplement its computation of damages.  See US Initial Discl.; US First Supp. Initial Discl.

---

States' Memorandum in Opposition to Honeywell International Inc.'s Motion to Strike the Declaration of Christian Patton ("Gov't Opp.") [Dkt. No. 228]; Gov't Opp. Exhibit 3, Honeywell International Inc.'s (Honeywell) First Set of Interrogatories to Plaintiff United States of America, ("Honeywell First Interrog.") [Dkt. No. 228-4]; Gov't Opp. Exhibit 4, Honeywell International Inc.'s Second Set of Interrogatories to Plaintiff United States of America ("Honeywell Second Interrog.") [Dkt. No. 228-5]; and Reply Memorandum in Support of Honeywell International Inc.'s Motion to Strike the Declaration of Christian Patton ("Def. Reply") [Dkt. No. 229].

*Interrogatories*.  On March 1, 2012, Honeywell served the government with interrogatories.  Interrogatory No. 20 stated:

> Describe in detail the facts that form the basis for the United States' total claim for damages alleged in this case, including, but not limited to: the identification of each and every claim for payment making up the total damages claim, including information as to the customer, the date, the vest model number, and the amount paid for each such claim, and, where applicable in the case of non-federal purchases, the amount of funding and/or reimbursement by the United States for the claim; the amount of damages being alleged with respect to each such claim for payment; the basis or rationale for the calculation of such amount of damages; and any amounts to be set off from the United States' settlements with other companies and from Armor Holdings' programs for providing exchange vests and/or compensation for vests containing Z Shield.

Honeywell Second Interrog. at 6-7.  The government's response to this interrogatory addressed statutory damages, but not monetary relief for unjust enrichment.  See Gov't Opp. at 4 (citing US Resp. and Obj. to Honeywell's Second Interrog. at 9-27).

*Patton Declaration*.  On June 7, 2019, Honeywell moved for summary judgment arguing, among other things, that the government could not recover under its unjust enrichment claim because the government "never disclosed any calculation of Honeywell's profits attributable to sales of [Armor Holdings Inc. ("AHI")] vest[s] containing Z Shield . . . or explained how it would go about calculating such damages." Def. Mot. SJ at 52.  In response to Honeywell's motion, the government filed a brief in opposition and attached to it the declaration of Christian Patton.  See Patton Decl.  This declaration calculated that the amount of "potential unjust enrichment damages associated with Honeywell's sales of Z Shield to AHI are between $6,018,779.12 and $7,523,473.90." Id. ¶ 7.

Honeywell now moves to strike the Patton Declaration as an untimely disclosure under Rule 26 of the Federal Rules of Civil Procedure.  Def. Mot. at 1.

## II. LEGAL STANDARD

"'[D]istrict courts have broad discretion in structuring discovery.' Consequently, '[t]he decision to grant or deny a motion to strike is vested in the trial judge's sound discretion.'" Brooks v. Kerry, 37 F. Supp. 3d 187, 202 (D.D.C. 2014) (citations omitted). "The moving party 'bears a heavy burden as courts generally disfavor motions to strike.'" Ascom Hasler Mailing Sys., Inc. v. U.S. Postal Serv., 815 F. Supp. 2d 148, 162 (D.D.C. 2011) (quoting Canady v. Erbe Elektromedizin GmbH, 384 F. Supp. 2d 176, 180 (D.D.C. 2005)).

## III. DISCUSSION

Defendant's motion raises two issues. First, is Mr. Patton an expert witness whose disclosure is required under Rule 26(a)(2), or is he a non-expert witness merely presenting summary evidence under Rule 1006 of the Federal Rules of Evidence? Second, does the word "damages" in Rule 26(a)(1) and in Honeywell's Interrogatory No. 20 include monetary relief for unjust enrichment?

### A. Expert Witness vs. Summary Witness

Honeywell argues that "to the extent Mr. Patton is offering an expert opinion, DOJ did not serve a report or Rule 26(a)(2)(C) disclosure for Mr. Patton, as it did for other witnesses and as required under the Rules." Def. Mot. at 7. Rule 26 requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence" as an expert witness. Fed. R. Civ. P. 26(a)(2)(A).

The government contends that the Patton Declaration is summary evidence, not expert testimony. See Gov't Opp. at 2.

4

1. Opinions or Conclusions

An expert witness is qualified to offer opinions or conclusions because of his or her specialized knowledge, skill, experience, training, or education. Fed. R. Evid. 702, 703. A summary witness is not an expert and is not permitted to express opinions or conclusions. See United States v. Caballero, 277 F.3d 1235, 1247 (10th Cir. 2002) (noting that witnesses who "summarized business records and client lists and presented them in condensed form . . . expressed neither a lay nor an expert opinion"). In order to constitute summary evidence, the witness' declaration or testimony cannot contain opinions or conclusions. See Colón-Fontánez v. Municipality of San Juan, 660 F.3d 17, 31 (1st Cir. 2011) (citing S.E.C. v. Franklin, 265 F. App'x 644, 646 (9th Cir. 2008) (finding "no error in allowing the preparer of the [summary exhibits] to testify because no expert opinions or conclusions were offered")).

A calculation does not constitute a conclusion or opinion. According to Rule 1006, "[t]he proponent may use a . . . calculation to prove the content of voluminous writings." Fed. R. Evid. 1006. In the Patton Declaration, Mr. Patton calculated that Honeywell earned between $6,018,779.16 and $7,523,473.90 in profits from sales of Z Shield to AHI. Patton Decl. ¶ 7. This calculation was based on the deposition testimony of Mr. Gregory Herceg, Honeywell's General Manager for Advanced Fibers and Composites, who testified that Honeywell's profit margins on Z Shield sales were approximately 40%-50%. Id. ¶ 6. Based on his review of invoices produced by Honeywell during discovery, which showed how much AHI and its affiliates paid Honeywell for Z Shield, Mr. Patton calculated that Honeywell charged $15,046,947.79 for Z Shield ordered by ABA and Safariland between November 3, 2000 and May 20, 2005. Id. ¶¶ 2-3. Mr. Patton then multiplied that figure by 40%-50% to arrive at profit.

5

<u>Id</u>.  This calculation is appropriate for a summary witness and does not contain a conclusion or an opinion.

One sentence in Mr. Patton's Declaration does contain conclusions or opinions which are inappropriate for a summary witness.  The Patton Declaration states:

> I also reviewed the November 2, 2015 United States expert report of Mr. Joseph Anastasi.  According to this report, ProTech, another AHI affiliate, also sold Z Shield vests.  There are no invoices from Honeywell or AHI showing the purchase of Z Shield by ProTech.  In his report, Mr. Anastasi discussed ProTech sales data and invoices for ProTech's sales to consumers.  He mentioned that all invoices produced to the U.S. Department of Justice with respect to the ProTech sales data actually had Safariland or ABA as the issuing company on the header of the invoice facsimile.  Mr. Anastasi stated that AHI acquired both ProTech and Safariland, and the subsequent integration of AHI's information technology systems affected the ability of AHI to reprint invoices utilizing a ProTech corporate header on the invoice facsimile.  I note that Mr. Anastasi's comments regarding ProTech invoices concerned sales of Z Shield vests by ProTech, rather than invoices for purchases of Z Shield by ProTech from Honeywell (the latter being the focus of this Declaration).  Nonetheless, Mr. Anastasi's analysis of the situation regarding a lack of ProTech invoices is informative when considered together with Ms. Robertson's representations in the above paragraph about Honeywell not selling Z Shield to any U.S. entities other than ABA or Safariland, and it helps explain why there are no invoices from Honeywell or AHI showing the purchase of Z Shield by ProTech.  *Accordingly, it appears that ProTech used some of the Z Shield sold to ABA and/or Safariland for the ProTech Z Shield vests.*

Patton Decl. ¶ 5 (emphasis added).  Although declaring that "[t]here are no invoices from Honeywell or AHI showing the purchase of Z Shield by ProTech," <u>id</u>., is a proper summary of voluminous invoices by a summary witness, Mr. Patton's asserted rationale for the lack of invoices is a matter of opinion or conclusion – not summary evidence.  Most of the paragraph simply recounts conclusions from the expert report of Mr. Joseph Anastasi and representations made by Ms. Cynthia J. Robertson, Attorney, Jenner & Block LLP.  But the last sentence of

6

paragraph five concludes that "it appears that ProTech used some of the Z Shield sold to ABA and/or Safariland for the ProTech Z Shield vests." Id. That sentence therefore must be stricken for the Patton Declaration to be properly considered as a declaration of a summary witness.

2. Admissibility of Underlying Documents

Summary witnesses are permitted to testify about summary exhibits and to summarize otherwise admissible evidence. See United States v. Lemire, 720 F.2d 1327, 1346-50 (D.C. Cir. 1983); United States v. Naegele, Criminal No. 05-0151, 2007 WL 172324, at *1 (D.D.C. 2007). "Summary evidence is admissible as long as the underlying documents also constitute admissible evidence and are made available to the adverse party." Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 53 (2d Cir. 1993); see Colón-Fontánez v. Municipality of San Juan, 660 F.3d at 29-32 ("Rule 1006 provides that only the underlying documents, not the summaries themselves, must be produced to the opposing party.").

The Patton Declaration relies on five documents: (1) List of Z Shield invoices from Honeywell to ABA and Safariland provided as a summary exhibit pursuant to Rule 1006 of the Federal Rules of Evidence; (2) Sample Invoice from Honeywell to ABA; (3) Letter, dated August 17, 2007, from Ms. Cynthia J. Robertson to Ms. Alicia J. Bentley, Trial Attorney, United States Department of Justice; (4) November 2, 2015 United States expert report of Mr. Joseph Anastasi; and (5) October 7, 2009 deposition of Mr. Gregory Herceg. Patton Decl. at 3.

In moving to strike, Honeywell does not argue that the documents underlying the Patton Declaration are inadmissible. Nor does Honeywell dispute that they were properly disclosed in discovery. See generally Def. Mot; Def. Reply. Therefore, at this time, there is no reason to conclude that Mr. Patton cannot rely on these documents in his declaration.

7

3. Disclosure of Patton Declaration

Under Rule 26(a)(3), a party must provide to the other parties and promptly file information about witnesses and an identification of each document or other exhibit, including summaries of other evidence, that it may present at trial at least thirty days before trial, unless the court orders otherwise.  Fed. R. Civ. P. 26(a)(3).

The government first disclosed the Patton Declaration as an attachment to its Opposition to Honeywell International Inc.'s Motion for Summary Judgment, which was filed on August 2, 2019.  Gov't Opp. SJ.  Honeywell does not dispute that summary witnesses need not be disclosed until thirty days before trial.  See Def. Reply.  No trial date has been set in this case.  To the extent that the Patton Declaration contains summary evidence, it has been provided more than thirty days before trial as required by Rule 26(a)(3).

B. Meaning of "Damages"

Rule 26 of the Federal Rules of Civil Procedure requires a party to disclose "a computation of each category of damages claimed."  Fed. R. Civ. P. 26(a)(1)(A)(iii).  Further, "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:  (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court."  Fed. R. Civ. P. 26(e)(1)(A).  The 1993 Advisory Committee's Note provides that "[a] party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents

for inspection and copying . . . ." Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment.

The government argues that Rule 26 does not require disclosure of damages relating to equitable claims such as unjust enrichment. Gov't Opp. at 6. The Court disagrees. In the Court's view, the reference to "other monetary relief" encompasses monetary relief for unjust enrichment as requested by the government here. While some courts have construed the term "damages" strictly as excluding equitable claims, Northern Natural Gas Co. v. L.D. Drilling, Inc., 405 F. Supp. 3d 981, 1002-03 n.3-4 (D. Kan. 2019); S.E.C. v. Razmilovic, Civil Action No. 04-2276, 2010 WL 2540762, at *2 (E.D.N.Y. June 14, 2010), this Court is persuaded by the view recently expressed by the Tenth Circuit that Rule 26 also "appears to require disclosure of calculations for equitable remedies providing monetary relief," United States v. RaPower-3, LLC, 960 F.3d 1240, 1253 (10th Cir. 2020). By failing to include the monetary relief for unjust enrichment in its initial disclosure, the government did not meet its obligations under Rule 26(a)(1).

Similarly, in answering Interrogatory No. 20, the government interpreted "damages" as not including monetary relief for unjust enrichment. Gov't Opp. at 4 (citing US Resp. and Obj. to Honeywell's Second Interrog. at 9-27). The Court has already ruled that the government interpreted damages more narrowly than intended by the Rules. Therefore, the Court need not determine the proper scope of the interrogatory.

C.  Rule 37 Failure to Disclose

The Court has concluded that the government did not violate Rule 26 of the Federal Rules of Civil Procedure by failing to disclose Mr. Patton as a potential witness or the substance of his declaration during discovery. See supra Part III(A). But the government did

9

violate Rule 26 by failing to include the monetary relief it requests for unjust enrichment in its initial disclosures to Honeywell.  The question then becomes whether striking the Patton Declaration is an appropriate sanction for the government's failure to disclose.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  "The sanction of preclusion is 'automatic and mandatory' unless the party can show that the failure to disclose was 'either substantially justified or harmless.'" Armenian Assembly of Am., Inc. v. Cafesjian, 746 F. Supp. 2d 55, 66 (D.D.C. 2010) (citations omitted).  "A Rule 37(c)(1) exclusion, however, is an 'extreme sanction' that should be used sparingly." Sherrod v. McHugh, 334 F. Supp. 3d 219, 269 (D.D.C. 2018) (quoting Richardson v. Korson, 905 F.Supp.2d 193, 200 (D.D.C. 2012)); see also Burns v. Levy, Civil Action No. 13-898, 2019 WL 6465142, at *18 (D.D.C. Dec. 2, 2019).

As the Court has already rejected Honeywell's challenge to the summary witness in this case, the Court will now address Honeywell's challenge to the government's failure to disclose its theory of unjust enrichment and its calculation of those damages.  Honeywell relies primarily on Burns v. Levy, Civil Action No. 13-898, 2019 WL 6465142 (D.D.C. Dec. 2, 2019). In Burns, the plaintiff was sanctioned for loss of income because she used the cryptic language "to be determined" to refer to the loss amount and never provided any computations.  Id. at *22. But the plaintiff in Burns was not sanctioned with respect to attorneys' fees because she provided enough information to put defendant on notice.  Id. at *26.  Honeywell was put on notice of the government's unjust enrichment claim by the Complaint, which alleges one count of unjust enrichment.  Compl. ¶¶ 94-97.  In addition, the documents underlying the unjust enrichment

10

calculation were at all times in Honeywell's possession. The calculation was based on invoices AHI and its affiliates paid Honeywell for Z Shield and the deposition testimony of Gregory Hercerg, Honeywell's General Manager for Advanced Fibers and Composites. Patton Decl. ¶¶ 2-3, 6. Honeywell has not suffered prejudice by not receiving a calculation of its own profits. As the government's failure to provide a computation of damages for unjust enrichment was harmless, this Court will not strike the Patton Declaration. Accordingly, it is hereby

ORDERED that Honeywell International Inc.'s Motion to Strike the Declaration of Christian Patton in Support of the United States' Response to Honeywell's Motion for Summary Judgment [Dkt. No. 227] is GRANTED in part and DENIED in part. The final sentence in paragraph five of the Patton Declaration [Dkt. No. 209-4] is stricken and the remainder of the declaration and its attachments are admitted.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  September 29, 2020